1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERRICK PERKINS,

           Plaintiff

-against-

JOSEPH SOLOMON, EMANUEL VIZZOTTI,
SALVATORE TAORIMINA, CHARLES LOVETT,
KEVIN PHELAN, JOSEPH MANZELLA,
KEVIN HAMMERSCHLOG, KENNETH OTUGH,
MATTHEW LEVY, PAUL KEARON, MICHELLE
KASZUBA, CRYSTAL IGNERI, DENISE TIRINO

           Defendant(s)

**CIVIL RIGHTS COMPLAINT
TITLE CODE 18 U.S.C.
SECTION(S) 1983, 1985,
1986**

**JURY DEMAND (YES)**

ORIGINAL

RECEIVED
JUN 15 2017
PRO SE OFFICE

MATSUMOTO, J.

BLOOM, M.J.

1. Parties

    A. Name of Plaintiff: Derrick Perkins BKC#4411605333
    RNDC 11-11 Hazen Street, East Elmhurst, New York
    11370.

    B. List all Defendant(s)

| | | |
|---|---|---|
| Defendant No. 1 | Joseph Solomon | NYCPD |
| Defendant No. 2 | Emanuel Vizzotti | NYCPD |
| Defendant No. 3 | Salvatore Taorimina | NYCPD |
| Defendant No. 4 | Charles lovett | NYCPD |
| Defendant No. 5 | Kevin Phelan | NYCPD |
| Defendant No. 6 | Joseph Manzella | NYCPD |
| Defendant No. 7 | Kevin Hammerschlog | NYCPD |
| Defendant No. 8 | Kenneth Otugh | NYCPD |
| Defendant No. 9 | Matthew Levy | NYCPD |
| Defendant No. 10 | Paul Kearon | NYCPD |
| Defendant No. 11 | Michelle Kaszuba | ADA QUEENS COUNTY |
| Defendant No. 12 | Crystal Igneri | ADA QUEENS COUNTY |

Defendant No. 13 Denise Tirino                    ADA QUEENS COUNTY

II. Statement of Claim.

Where did the events giving rise to your claim(s) occur?
at 216-19 Hempstead Avenue, in the borough of Queens.

When did the events happen?
On July 7, 2016.

Facts:(What happened?) On July 7, 2016, members of the New
York City Police Department and members of the Queens
County District Attorney's office, tampered with physical
evidence concerning an emergency 911 call, by destroying
the physical evidence and not vouchering such evidence that
is alleged to have been found in             vehicle, after
it had been searched at the scene of a fatal motor vehicle
accident and injury to pedestrian.

Vehicle               having been impounded and vouchered as
evidence as a result of an emergency 911 call stating that
an individual had been robbed at gunpoint for a cellphone.
The New York City Police Department in response to said
call, claimed in their written report, that the call was
for an armed robber.

Plaintiff approximately thirty minutes after the emergency
911 call had been made, sat parked with     vehicle idling
some seven blocks from where the emergency 911 call had
been made and talking on his cellphone, when he noticed

2

two men with guns drawn approaching     vehicle from behind.
Plaintiff in fear for life or possibly being robbed or
kidnapped, drove off in a state of panic.

Plaintiff within minutes of driving off, was approached by a
vehicle driven by one of the two men he noticed approaching
    vehicle with guns drawn, in which during the course of
plaintiff's panic and fear for his life,         vehicle
was rammed from behind by the vehicle with two gunman inside
in which as a result of being rammed, plaintiff lost control
of     vehicle causing it to flip over, colliding into motorist
of another vehicle in which fatality and injury to pedestrian
occurred.

Plaintiff at the scene of the crash while strapped in his
seat belt and in and out of consciousness, was dragged out
of     vehicle in handcuffs and placed in a police cruiser.

Plaintiff upon being arrested at the scene of the fatal accident
and injury to pedestrian, was taken to the 105th Police Precinct
in the borough of Queens and placed in an holding pen for
more than twenty-four hours without medical treatment or the
right to have a lawyer present. Plaintiff, while at the police
precinct was placed in an police precinct identification lineup
absent the right to an attorney, in which during the police
precinct identification plaintiff had not been positively
identified as a person involved in an armed robbery of a cell
phone as indicated in an emergency 911 call.

3

Plaintiff on July 8, 2016, at approximately 3 AM had been arraigned in a Queens County Criminal Court, located at 125-01 Queens Blvd, Kew Gardens, New York.

Plaintiff was remanded without bail and later discovered through a filed felony complaint sworn and deposed by New York City Police Department officer "Defendant" Joseph Solomon, in which the complaint listed eleven charges. See, Exhibit "A".

Plaintiff had not waived any of his rights to a prompt grand jury proceeding, and as aresult of his arrest, plaintiff was denied release within the specified time pursuant to statute and in violation of his constitutional right to due process of law and equal protection of the law.

Plaintiff, by notice dated July 12, 2016, was informed that he was to appear before a grand jury to testify in his behalf regarding the charges filed in a felony complaint. See, Exhibit "B".

Plaintiff, during the course of his arrest and present detention, discovered that on July 7, 2016, members of the New York City Police Department and members of the Queens County District Attorney's office, are alleged to have taken picture of a cell phone, which is alleged to have been found in vehicle after being searched by defendant(s) New York City Police department, at the scene of fatal motor vehicle accident and injury to pedestrian.

The item "cellphone" alleged to have been found in vehicle and allegedly photographed as being discovered in

vehicle after vehicle had been impounded and vouchered as evidence. Had not had the alleged cellphone vouchered as evidence by the defendant(s) New York City Police Department and Queens District Attorney's office, as the alleged evidence of a cellphone is described as being found in          vehicle, a vehicle that had been vouchered as evidence.

A photographed picture of a cellphone that is alleged to be a picture taken in the passenger seat of          vehicle after it was moved to an upright position by a tow vehicle operated by defendant(s) New York City Police Department, and which is no longer available for inspection by the plaintiff in a tangible form, to determine make, model, and serial number identification, cannot be deemed evidence for an arrest of probable cause of a cellphone, when such evidence has been tampered with and destroyed by defendant(s) mentioned in the above.

Absent the voucher  , of evidence described as a cellphone alleged to have been photographed in          vehicle after the result of a vehicle accident resulting in death and injury to pedestrian caused by defendant(s) New York City Police Department in response to a 911 call describing the plaintif as being an alleged armed robber of a cellphone, combined with the defendant(s) ramming of          vehicle seconds before the accident, is the direct cause of defendant(s) illegal tactics and violation of New York City Police Department "Patrol Guide". See, Exhibit "C".

Plaintiff, further during the course of his arrest and present detention, discovered that an New York City Police Department commanding officer from the 113th Police Precinct in the borough of Queens, on July 7, 2016, heard the activity of the events in the 105th Police Precinct over his radio and was in the process of giving the order to break off the pursuit. See, Exhibit "D".

Plaintiff, also during the course of his arrest and present detention, discovered that eyewitnesses who lived in the area community where the fatal accident and injury to pedestrian occurred, gave statements to local newspaper, stating that they witnessed before the accident,                 vehicle being rammed from behind by a vehicle that plaintiff later discovered was an unmarked vehicle driven by defendant(s) New York City Police Department. See, Exhibit "E".

## FIRST CAUSE OF ACTION

Defendant, Joseph Solomon, under the color of law and in his official and unofficial capacity, knowingly tampered with and destroyed physical evidence of a "cellphone" during the course of an 911 emergency call, and conspired with members of the New York City Police Department and Queens District Attorney's office by concealing the truth of the events of how a motorist was killed and pedestrian injured during an unauthorized vehicle pursuit by New York City Police Department(s) unmarked vehicle, a vehicle that rammed vehicle from behind causing it to flip over and collide

6

with motorist vehicle and injury to pedestrian. The action
of criminal defendant no. 1, Joseph Solomon, deprived the
plaintiff due process of law, equal protection of the law,
in violation of plaintiff's rights under the United States
Constitutional Amendments 4th and 14th.

Criminal Defendant No. 2, Emanuel Vizzotti, under the color
of law and in his official and unofficial capacity, knowingly
aided and abbetted criminal defendant no. 1, Joseph Solomon,
in conspiring to destroy physical evidence of a cellphone which
is alleged to have been found in          vehicle after
motor vehicle accident causing fatality and injury to pedestrian,
and during the course of a criminal investigation, deprived
the plaintiff of his constitutional rights under the United
States Constitutional Amendments 4th and 14th.

Criminal Defendant No. 3, Salavatore Taorimina, under the color
of law and in his official and unofficial capacity, knowingly
aided and abbetted criminal defendant(s) No. 1 and 2, in
conspiring to cover up a criminal investigation by tampering
with and destroying physical evidence of a cellphone that had
not been vouchered as evidence found in          _ vehicle,
during the course of a criminal investigation and accident
involving motor vehicle causing fatality and injury to pedestrian,
thus depriving plaintiff of his constitutional rights under the
United States Constitutional Amendments 4th and 14th.

Defendant No. 4, Charles Lovett, under the color of law and
in his official and unofficial capacity, knowingly aided and
abbetted criminal defendant(s) No. 1, 2, and 3, during the

course of an criminal investigation, by conspiring and
tampering with physical evidence of an alleged armed robbery
of a cellphone, that is alleged to have been found in
          vehicle, a vehicle that had been impounded and
vouchered absent the vouchering of an alleged cellphone that
is described a sbeing found in          vehicle during
search of vehicle after motor vehicle accident resulting in
death and injury to pedestrian, thus depriving plaintiff of
his rights under the United States Constitution and Constit-
tutional Amendments 4th and 14th.

Defendant No. 5, Kevin Phelan, under the color of law and in
his official and unofficial capacity, knowingly aided and
abetted criminal defendant(s) No. 1, 2, 3, 4, did conspire
with said persons to cover up evidence of an criminal
investigation, when physical evidence was tampered with and
destroyed concerning an alleged cellphone which had been
described as being found in          vehicle, a vehicle
that had been vouchered as evidence, absent the vouchering
of a cellphone, thus depriving plaintiff of his rights
under the United States Constitution and Constitutional
Amendments 4th and 14th.

Defendant No. 6, Joseph Manzella, under the color of law
and in his official and unofficial capacity, did knowingly
tamper with physical evidence and destroyed such evidence,
during the course of an criminal investigation of an alleged
armed robbery of a cellphone, when said cellphone after

8

being described as being found in vehicle plaintiff was
operating, a vehicle that was vouchered and impounded as
evidence in death of motorist and injury to pedestrian,
and absent the vouchering of said cellphone as evidence
and part of criminal investigation, is in violation of
plaintiff's rights under the United States Constitution
and constitutional amendments 4th and 14th.

Defendant No. 7, Kevin Hammerschlag, under the color of
law and in his official and unofficial capacity, knowingly
falsified documents and information of a motor vehicle
accident resulting in death to motorist and injury to a
pedestrian, after aiding and abetting criminal defendants
No. 1,2,3,4,5, and 6, by tampering with physical evidence
at a crime scene in the course of operating a New York
City vehicle or being a passenger in a New York City Police
vehicle, which had been operating in an illegal manner in
violation of the New York Police Departments "Patrol Guide,"
by illegally being in pursuit of vehicle plaintiff was in
operation of, through the ramming from behind of said
vehicle operated by plaintiff, causing plaintiff to lose
control of said vehicle flipping over and colliding with
motorist of another vehicle in which death occurred and injury
to pedestrian, is in violation of plaintiff's rights under
United States Constitution and Constitutional Amendments 4th
and 14th.

Defendant No. 8, Kenneth Otugh, under the color of law and in his official and unofficial capacity, knowingly partici- pated in an illegal pursuit of plaintiff, in violation of New York Police Department "Patrol Guide" after receiving an emergency 911 call of an armed robbery that had been dispatched  indicating an armed robber, robbed an individual of a cellphone, a cellphone that had not been vouchered as evidence being found in vehicle plaintiff was operating, after illegal pursuit and ramming from behind by defendants New York City Police Department vehicle, causing death and injury to pedestrian, in violation of plaintiff's rights under the United States Constitution and Constitutional Amendments 4th and 14th.

Defendant No. 9, Matthew Levy, under the color of law and in his official and unofficial capacity, knowingly partici- pated in an illegal pursuit of plaintiff in violation of New York City Police Department "Patrol Guide" after receiving an emergency 911 call of an armed robbery, that is alleged to have been dispatched by New York City Police Department 911 operator, indicating that an armed robber, robbed an individual of a cellphone, a cellphone that had not been vouchered as physical evidence being found in vehicle the plaintiff was operating, after illegal pursuit and ramming of vehicle plaintiff was operating from behind by defendants New York City Police Department, causing death to motorist and injury to pedestrian, in violation of plaintiff's rights under the United States Constitution and Constitutional

Amendments 4th and 14th.

Defendant No. 10. Paul Kearon, under the color of law and
in his official and unofficial capacity, knowingly partici-
pated in an illegal pursuit of plaintiff, in violation of
New York City Police Department "Patrol Guide" after receiv-
ing an emergency 911 call of an armed robbery, that is alleged
to have been dispatched by an NYCPD 911 calls field operator,
indicating that an armed robber, robbed an individual of a
cellphone, a cellphone that had not been vouchered as being
physical evidence removed from the vehicle plaintif was
operating, after illegal pursuit by defendant(s) NYCPD, and
ramming of vehicle plaintiff was operating from behind, causing
vehicle to flip over and collide with vehicle driven by motorist
and injury to pedestrian, is in violation of plaintiff's rights
under United States Constitution and Constitutional Amendments
4th and 14th.

Defendant No. 11, Michelle Kaszuba, under the color of law
and in her official and unofficial capacity, knowingly partici-
pated in the illegal introduction of evidence to a seated
grand jury, indicating that an alleged armed robbery of a
cellphone had taken place, a cellphone that she knew, had not
been vouchered as physical evidence being removed from vehicle
plaintiff was operating by members of the NYCPD, a vehicle
which had been impounded and vouchered as evidence, as the
result of an emergency 911 call, dispatched by NYCPD field
dispatcher, indicating that an armed individual with a

firearm, robbed a person by gunpoint of a cellphone, in a case in which plaintiff is not charged with possession of a firearm or charged for robbery, is in violation of plaintiff's rights under the United States Constitution and Constitutional Amendments 4th and 14th.

Defendant No. 12, Crystal Igneri, under the color of law and in her official and unofficial capacity, knowingly partici- pated in the illegal introduction of physical evidence to a grand jury, indicating that an alleged armed robbery of a cellphone had taken place, of a cellphone, that she knew had not been vouchered as physical evidence being removed by NYCPD after vehicle was searched and impounded as physical evidence being involved in an emergenct 911 call indicating an armed robbery of a cellphone, which resulted in fatal motor vehicle accident and injury to pedestrian, in violation of plaintiff's rights under the United States Constitution and Constitutional Amendments 4th and 14th.

Defendant No. 13, Denise Tirino, under the color of law and in her official and unofficial capacity, knowingly allowed information and evidence known to have been tampered with and destroyed by NYCPD to be introduced to a seated grand jury, indicating through a sworn felony complaint, that an armed robber, robbed an individual of a cellphone, a cellphone that she knew to have not been vouchered as physical evidence being removed from vehicle plaintiff was operating by NYCPD, after vehicle had been searched and impounded, as the result

of an emergency 911 call of an armed robbery, which
resulted in fatal motor vehicle accident and injury to pedestrian,
is in violation of plaintiff's rights under the United States
Constitution and Constitutional Amendments 4th and 14th.

## III. Injuries

Plaintiff, as the result of vehicle he was operating having
been illegally rammed by defendant(s) NYCPD, unmarked vehicle,
in violation of NYPD Patrol Guide, Department Policy, states
cause of action and injury for intentional infliction of
emotional distress, as the wrongful conduct of the defendant(s)
NYCPD, was intentionally and recklessly done to cause plaintiff
emotional distress, as the defendant(s) NYCPD, misconduct and
illegal ramming of vehicle plaintiff was operating, and illegal
practices of the defendant(s) NYCPD, caused death to motorist
and injury pedestrian, as their misconduct so outrageous in
character, and so extreme in degree, as their blatant disregard
for actions caused by them through use of NYCPD, departmental
vehicle, illegally speeding in a residential neighborhood,
can only be regarded as atrocious and utterly intolerable in
a civilized community.

Plaintiff, further as a result of his injuries, states through
cause of action, that, defendant(s) NYPD Patrol Guide,
Department Policy, holds defendant(s) liable under Title Code
18 42 U.S.C. Sections 1983, 1985, and 1986, through their
conspiracy and tampering with physical evidence alleged to
have been found at the scene of a fatal motor vehicle

accident and injury to pedestrian, constitutes the provisions
providing cause of action, involving two or more persons
involved in conspiracy and tampering with physical evidence
that had not been vouchered or secured as evidence being
removed from vehicle plaintiff was operating by defendant(s)
during the course of an investigation and death of motorist
and injury to pedestrian, stemming from an emergency 911 call
allegeing armed robbery plaintiff is not charged with, further
supports claimed inference that the treatment and injuries
plaintiff sustained as a result of his arrest, is motivated
by the unlawful discrimination, racial profiling, and depriv-
ation of ethnic minority civil rights to equal protection of
the law and due process of law by defendant(s), NYCPD, in
their conspiracy to tamper with and destroy evidence in the
course of an criminal investigation.

Plaintiff, further, as a result of vehicle he was operating
having been rammed by defendant(s), NYCPD unmarked vehicle, is
in violation of NYPD "Patrol Guide", Department Policy, and
states that injuries sustained as the direct result of the
defendant(s) illegal tactics, states a claim of the practice
of an illegal maneuver in the ramming of vehicle plaintiff
was operating, and further constitutes and demonstrates the
intentional deprivation of plaintif's right to equal protection
of the law and due process of law.

14

## IV. Relief

Plaintiff is seeking relief in compensatory damages from each
defendant in their official and unofficial capacity, in the
amount of ten million dollars from each defendant, for the
violations of plaintiff's rights under the united States
Constitution and Constitutional Amendments 4th and 14th.

Plaintiff, is further seeking relief in regulatory action from
the defendant(s) NYCPD, by use of NYPD "Patrol Guide", as it
fails to afford person or person(s) the protections of an
illegal tactic or tactics employed by defendant(s) NYCPD, in
pursuit of motor vehicles in residential neighborhoods through
defendant(s) use of unmarked vehicles and ramming of vehicle
plaintiff was operating from behind by defendant(s) unmarked
vehicle in response to an emergency 911 call, a call that had
not substaintiated a dispatched radio response to events of
an alleged 911 call describing an individual being robbed at
gunpoint for a cellphone.

I declare under the penalty of perjury that on the 7 day of
Jane , 2017, I delivered this complaint to prison staff
authorities at the RNDC 11-11 Hazen St East Elmhurst N T 11370
to be mailed to the United States District Court for Eastern
District of New York . I declare under penalty of perjury that
the foregoing is true and correct

Date: 6/7/17

*EXHIBIT "A"*

AFFID7373t0J730422

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

Q16633674



THE PEOPLE OF THE STATE OF NEW YORK

v.

DERRICK PERKINS (50Y)

DEFENDANT

STATE OF
COUNTY OF

2016QN030791

DETECTIVE JOSEPH SOLOMON OF FORCE INVESTIGATION DIVISION, TAX REG#:
926151, BEING DULY SWORN,DEPOSES AND SAYS THAT ON OR ABOUT JULY 7
2016   BETWEEN 12:49PM AND 12:59PM, AT THE INTERSECTION OF 225 STREET AND
LINDEN BOULEVARD, COUNTY OF QUEENS, STATE OF NEW YORK, THE DEFENDANT
COMMITTED THE OFFENSES OF:

PL 125.25-3 [AF] MURDER IN THE SECOND DEGREE - (DNA SAMPLE REQUIRED
    UPON CONVICTION)
PL 120.10-4 [BF] ASSAULT IN THE FIRST DEGREE - (DNA SAMPLE REQUIRED
    UPON CONVICTION)
PL 160.15-4 [BF] ROBBERY IN THE FIRST DEGREE - AN ARMED FELONY
    OFFENSE; (DNA SAMPLE REQUIRED UPON CONVICTION)
PL 125.15-1 [CF] MANSLAUGHTER IN THE SECOND DEGREE - (DNA SAMPLE
    REQUIRED UPON CONVICTION)
PL 120.05-4 [DF] ASSAULT IN THE SECOND DEGREE - AN ARMED FELONY
    OFFENSE; (DNA SAMPLE REQUIRED UPON CONVICTION)
PL 160.05 [DF] ROBBERY IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED UPON
    CONVICTION)
PL 270.35 [DF] UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE IN
    THE FIRST DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
PL 125.10 [EF] CRIMINALLY NEGLIGENT HOMICIDE - (DNA SAMPLE REQUIRED
    UPON CONVICTION)
PL 270.30 [EF] UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE IN
    THE SECOND DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
PL 165.40 [AM] CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FIFTH
    DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
VTL 511(1)(A) [UM] AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE
    IN THE THIRD DEGREE

PL 125.25-3 [AF] MURDER IN THE SECOND DEGREE - (DNA SAMPLE REQUIRED
UPON CONVICTION)
    --- ACTING EITHER ALONE OR WITH ONE OR MORE OTHER PERSONS, COMMIT
OR ATTEMPT TO COMMIT ROBBERY, BURGLARY, KIDNAPPING, ARSON, RAPE
    IN THE FIRST DEGREE, CRIMINAL SEXUAL ACT  IN THE FIRST DEGREE,
    SEXUAL ABUSE IN THE FIRST DEGREE, AGGRAVATED SEXUAL ABUSE, OR
    ESCAPE IN THE FIRST OR SECOND DEGREE, AND IN THE COURSE OF  AND



AFFI737310f730422

PERKINS,DERRICK  Q16633674

IN FURTHERANCE OF SUCH CRIME OR OF IMMEDIATE FLIGHT THEREFROM,
HE, OR ANOTHER PARTICIPANT, IF THERE BE ANY,  CAUSE THE DEATH OF
A PERSON OTHER THAN ONE OF THE PARTICIPANTS;

PL 120.10-4 [BF] ASSAULT IN THE FIRST DEGREE - (DNA SAMPLE REQUIRED
UPON CONVICTION)
    --- IN THE COURSE AND IN FURTHERANCE OF THE COMMISSION OF A
    FELONY OR ATTEMPT THEREOF, OR OF IMMEDIATE FLIGHT THEREFROM,  HE
    OR ANOTHER PARTICIPANT IF THERE BE ANY DID CAUSE, SERIOUS
    PHYSICAL INJURY TO A PERSON OTHER THAN ONE OF THE PARTICIPANTS;

PL 160.15-4 [BF] ROBBERY IN THE FIRST DEGREE - AN ARMED FELONY OFFENSE;
(DNA SAMPLE REQUIRED UPON CONVICTION)
    --- FORCIBLY STEAL PROPERTY AND IN THE COURSE OF COMMITTING THE
    CRIME OR OF IMMEDATE FLIGHT THEREFROM, HE OR ANOTHER PARTICIPANT
    IN THE CRIME DID DISPLAY WHAT APPEARED TO BE A PISTOL, REVOLVER,
    RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM;

PL 125.15-1 [CF] MANSLAUGHTER IN THE SECOND DEGREE - (DNA SAMPLE
REQUIRED UPON CONVICTION)
    --- RECKLESSLY CAUSE THE DEATH OF ANOTHER PERSON;

PL 120.05-4 [DF] ASSAULT IN THE SECOND DEGREE - AN ARMED FELONY
OFFENSE; (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- RECKLESSLY CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON BY
    MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT;

PL 160.05 [DF] ROBBERY IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED UPON
CONVICTION)
    --- FORCIBLY STEAL PROPERTY OF ANOTHER;

PL 270.35 [DF] UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE IN
THE FIRST DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- COMMIT THE OFFENSE OF UNLAWFUL FLEEING A POLICE OFFICER IN A
    MOTOR VEHICLE IN THE THIRD DEGREE, AS DEFINED IN SECTION 270.25
    OF THIS ARTICLE, AND AS A RESULT OF SUCH CONDUCT A POLICE OFFICER
    OR A THIRD PERSON IS KILLED;

PL 125.10 [EF] CRIMINALLY NEGLIGENT HOMICIDE - (DNA SAMPLE REQUIRED
UPON CONVICTION)
    --- WITH CRIMINAL NEGLIGENCE, CAUSE THE DEATH OF ANOTHER PERSON;

PL 270.30 [EF] UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE IN
THE SECOND DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- COMMIT THE OFFENSE OF UNLAWFUL FLEEING A POLICE OFFICER IN A
    MOTOR VEHICLE IN THE THIRD DEGREE, AS DEFINED IN SECTION 270.25
    OF THIS ARTICLE, AND AS A RESULT OF SUCH CONDUCT A POLICE OFFICER
    OR A THIRD PERSON SUFFERED SERIOUS PHYSICAL INJURY;

PL 165.40 [AM] CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FIFTH
DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- KNOWINGLY POSSESS STOLEN PROPERTY WITH INTENT TO BENEFIT



AFF|J737310|J730422

PERKINS,DERRICK  Q16633674

THE RECOVERY BY AN OWNER THEREOF;

VTL 511(1)(A) [UM] AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE
IN THE THIRD DEGREE
        --- OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING
        OR HAVING REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE
        OF OPERATING SUCH MOTOR VEHICLE IN THIS STATE OR PRIVILEGE OF
        OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED BY THE
        COMMISSIONER IS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE
        COMMISSIONER.


THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY WITNESSES KNOWN TO THE NEW YORK
CITY POLICE DEPARTMENT AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE THAT
ON JULY 7, 2016, AT APPROXIMATELY 12:49, AT THE REAR OF 216-19 HEMPSTEAD
AVENUE, IN QUEENS COUNTY, THE DEFENDANT, DERRICK R. PERKINS, APPROACHED
COMPLAINANT #1, WHO IS KNOWN TO THE NEW YORK CITY POLICE DEPARTMENT
AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE; HELD HIS WAISTBAND,
INTIMATING THAT HE POSSESSED A FIREARM; REMOVED COMPLAINANT #1'S
CELLPHONE FROM SAID COMPLAINANT'S PERSON; AND CONTINUED TO MOTION TO HIS
WAISTBAND, INTIMATING THAT HE HAD A WEAPON AS HE WALKED AWAY FROM
COMPLAINANT #1 WHILE STATING, IN SUM AND SUBSTANCE, DON'T GET BEHIND ME,
BOY.

DEPONENT STATES THAT HE IS INFORMED BY WITNESSES KNOWN TO THE NEW
YORK CITY POLICE DEPARTMENT AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE
THAT THE DEFENDANT THEN ENTERED THE DRIVER'S SIDE OF A GREY 2004 BMW
X3 SUV AND FLED THAT LOCATION; THAT THE DEFENDANT WAS PURSUED BY AN
UNMARKED POLICE CAR WITH ITS LIGHTS AND SIRENS ACTIVATED; AND THAT
THE DEFENDANT CONTINUED TO FLEE THE UNMARKED POLICE CAR FOR NUMEROUS
BLOCKS AND FAILED TO VOLUNTARILY TO STOP HIS VEHICLE.

DEPONENT STATES THAT HE IS INFORMED BY WITNESSES KNOWN TO THE NEW YORK
CITY POLICE DEPARTMENT AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE
THAT, WITHIN APPROXIMATELY TEN (10) MINUTES OF THE ABOVE MENTIONED
INCIDENT, THE DEFENDANT WAS DRIVING SOUTHBOUND ON 225 STREET, IN QUEENS
COUNTY, AT A HIGH RATE OF SPEED WHEN HE ENTERED THE INTERSECTION AT
LINDEN BOULEVARD AGAINST A RED TRAFFIC SIGNAL AND THAT THE DEFENDANT'S
VEHICLE STRUCK THE DRIVER'S SIDE OF A GREEN SATURN DRIVEN BY ROXINA J.
CLAYTON, WHICH WAS TRAVELING EASTBOUND ON LINDEN BOULEVARD WITH A
GREEN TRAFFIC SIGNAL, CAUSING THE GREEN SATURN TO MOUNT THE SIDEWALK AND
STRIKE COMPLAINANT #2, A WITNESS KNOWN TO THE NEW YORK CITY POLICE
DEPARTMENT AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE.

DEPONENT IS INFORMED BY DETECTIVE JAMES CONLON OF THE NEW YORK CITY
POLICE DEPARTMENT COLLISION INVESTIGATION SQUAD THAT, BASED UPON HIS
TRAINING AND EXPERIENCE, EVALUATION OF THE SCENE OF THE COLLISION,
AND THE VIEWING VIDEO SURVEILLANCE WHICH DEPICTED THE COLLISION, HE
CALCULATED THE SPEED OF THE GREY BMW SUV OPERATED BY THE DEFENDANT TO BE
FIFTY-ONE (51) MILES PER HOUR IN AN UNPOSTED TWENTY-FIVE (25) MILES
PER HOUR SPEED ZONE, AS THE VEHICLE APPROACHED THE INTERSECTION OF 225
STREET AND LINDEN BOULEVARD.



AFFI/037310/730422

PERKINS, DERRICK   Q16633674

DEPONENT STATES THAT HE WAS PRESENT AT THE SCENE OF THE COLLISION, WHERE
HE OBSERVED THE DECEASED BODY OF ROXINA J. CLAYTON, WHOSE BODY WAS
SUBSEQUENTLY TRANSFERRED TO THE OFFICE OF THE CHIEF MEDICAL EXAMINER
IN QUEENS COUNTY.

DEPONENT STATES THAT HE IS INFORMED BY COMPLAINANT #2 THAT, AS A
RESULT OF BEING STRUCK BY THE VEHICLES INVOLVED IN THE ABOVE MENTIONED
COLLISION, COMPLAINANT #2 SUSTAINED TWO (2) LEG FRACTURES AND
SUBSTANTIAL PAIN, ADMITTED FOR TREATMENT AT A LOCAL HOSPITAL AND REMAINS
AT SAID HOSPITAL PENDING A DETERMINATION ON SURGERY FOR THE
AFOREMENTIONED  INJURIES.

DEPONENT STATES THAT HE IS INFORMED SERGEANT EMANUEL VIZZOTTI OF THE
FORCE INVESTIGATION DIVISION THAT HE WAS PRESENT WHEN THE DEFENDANT'S
GREY BMW SUV WAS MOVED TO AN UPRIGHT POSITION BY TOW VEHICLES OPERATED
BY THE NEW YORK CITY POLICE DEPARTMENT AND THAT HE OBSERVED, THROUGH A
BROKEN WINDOW, A CELLPHONE ON THE FLOOR OF THE PASSENGER SIDE OF THE
VEHICLE. DEPONENT FURTHER STATES THAT HE SHOWED A PHOTOGRAPH OF SAID
CELLPHONE TO COMPLAINANT #1, WHO IDENTIFIED SAID CELLPHONE AS THE
CELLPHONE THAT WAS REMOVED FROM THE PERSON OF COMPLAINANT #1 AT THE REAR
OF 216-19 HEMPSTEAD AVENUE.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY COMPLAINANT #1 THAT THE
DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, USE, POSSESS
OR OTHERWISE EXERCISE CONTROL OVER THE CELLPHONE.

DEPONENT FURTHER STATES THAT HE OBTAINED AND READ A TELETYPE PRINTOUT OF
THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, WHICH RECORDS ARE
MADE AND OBTAINED IN THE REGULAR COURSE OF BUSINESS WITHIN A
REASONABLE TIME AFTER THE EVENT OR OCCURRENCE, AND SAID RECORDS SHOWED
THAT THE DEFENDANTS LICENSE TO OPERATE A MOTOR VEHICLE WAS REVOKED ON
AUGUST 25, 1988 AND ON JULY 21, 1989 IS PRESENTLY SUSPENDED.

DEPONENT FURTHER STATES THAT ALL SUMMONSES HAVE PRINTED ON THEM, INTER
ALIA,  "YOU MUST ANSWER THIS TICKET WITHIN 15 DAYS OF THE DATE OF
OFFENSE.  FAILURE TO ANSWER WILL RESULT IN THE SUSPENSION OF YOUR
LICENSE AND A DEFAULT JUDGMENT AGAINST YOU."

                    FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
                    PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
                    TO SECTION 210.45 OF THE PENAL LAW

7/8/16
DATE        SIGNATURE

                    SWORN TO BEFORE ME ON THE
                    DAY OF

*E X H I B i T " B "*



DISTRICT ATTORNEY
QUEENS COUNTY
125-01 Queens Boulevard
Kew Gardens, New York 11415-1568
718-286-6000

Richard A. Brown                    Def: PERKINS,DERRICK
District Attorney

## NOTICE

Defendants who wish to plead guilty to felony charges post indictment are required to plead guilty to the top count of the indictment pending against them. The Queens County District Attorney's Office does not engage in post-indictment plea bargaining.

Defendants wishing to engage in pre-indictment dispositional conferencing are required at the time of their arraignment in Criminal Court to waive any and all constitutional rights to speedy trial as well as all statutory rights under Sections 30.30, 180.80 and 190.80 of the Criminal Procedure Law for a period of thirty (30) days.

Attorneys who want to conference a non-narcotic case prior to the AP6 date must call the assigned Assistant District Attorney. To find out the name of the assigned ADA, please call (718) 286-6000. To conference a narcotics case prior to the APN date, Call Robert Ferino, at (718) 286-6246.

## AVISO

Aquellas personas acusadas por delitos que deseen declararse culpables de los delitos mayores DESPUES de que hallan sido acusados por el gran jurado, tienen que declararcen culpables de el cargo mas graveque enfrentan en la acusacion formal. El Fiscal del condado de Queens no negociara disposiciones despues de ser acusados por el gran jurado.

Aquellos acusados que deseen negociar una disposicion antes de que su caso sea presentado al gran jurado les sera requerido en la corte criminal y durante la presentacion de sus cargos ante un Juez de que renuncien a todos los derechos constitucionales a que tienen derecho para un juicio rapido (speedy trial), asi como tambien a los derechos de los estatutos acogidos en las secciones 30.30, 180.80 y 190.80 de las leyes de procedimientos criminales for un periodo de treinta ( 30) dias.

Los abogados que quieran una conferencia de algun caso no relacionado a narcoticos antes de la fecha en que el caso esta programado en la parte AP6 deberan comunicarse con el Asistente de el fiscal asignado a su caso. Para saber el nombre de el Asistente del fiscal asignado a su caso favor de llamar al (718) 286-6000. Para una conferencia sobre un caso de estuperfacientes antes de la fecha en que esta programado en APN por favor llamar a Robert Ferino al (718) 286-6246.

Kew Gardens, New York              Richard A. Brown
December 8, 2000.                   District Attorney
                                   Queens County



DISTRICT ATTORNEY
QUEENS COUNTY
125-01 Queens Boulevard
Kew Gardens, New York 11415-1568
718-286-6000

Richard A. Brown
District Attorney

## DEFENDANT'S NAME: PERKINS, DERRICK

## ARREST #: Q16633674

[ X ]  Pursuant to Criminal Procedure Law Section 190.50-5(a), notice is hereby given that the criminal charges pending against the defendant and upon which he has been arraigned will be submitted to the Grand Jury.

If the defendant wishes to exercise the right to appear before the Grand Jury as a witness in his own behalf, a written notice, specifying the defendant's name, docket number, an address to which communication may be sent, and indicating the desire to testify before the Grand Jury, must be served upon:

RICHARD A. BROWN
DISTRICT ATTORNEY
125-01 Queens Boulevard
Kew Gardens, New York 11415-1568
ATTN: Grand Jury Bureau Clerk's Office

If the defendant desires to testify, and has notified the District Attorney, the defendant is required to appear to provide such testimony on _____July 12, 2016_____, at 9:30 AM. If the defendant is not incarcerated, or if incarcerated and willing to waive the requirement under C.P.L. 180.80, and desires to change the date on which he will testify, the Grand Jury Bureau must be contacted to determine an alternate date acceptable to the People and within the term of the Grand Jury.

If the defendant does not appear on the aforementioned date, and fails to communicate a desire to change the date, his right to testify before the Grand Jury will be deemed withdrawn and waived, and the case will be charged and voted accordingly.

_____ Defendant's copy served.

_____ Defense Attorney's copy served.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS:  PART: APAR

-----------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

Arrest No.: Q16633674

-against-

PERKINS,DERRICK
DEFENDANT
-----------------------------------------x

**PLEASE TAKE NOTICE** that pursuant to **C.P.L 250.20**, the People demand that the defendant serve, within eight days of the service hereof, upon the undersigned, a notice of alibi reciting the place(s) the defendant claims to have been at the time of the commission of the crime(s) charged, and the names, home addresses, business name and addresses of every alibi witness upon whom he intends to rely. Such written notice must be served upon the undersigned if the defendant intends to offer such testimony.

**PLEASE TAKE NOTICE** that pursuant to **C.P.L. 240.20**, the People are serving copies of the following police reports:

**CERTIFIED NYS DMV DRIVING ABSTRACT**

**PLEASE TAKE NOTICE** that pursuant to **C.P.L. 710.30 (1b)**, during the trial of the above-named matter, the People expect to introduce testimony of witness (es) regarding identification of defendant as the person who committed the crime(s) charged, said identification(s) having beeen made at:

| ID Type | By Whom | Date/Time | Location | To Whom |
|---------|---------|-----------|----------|---------|
| CONFIRMATORY PROCEDURE | WITNESS #1, A WITNESS KNOWN TO THE NYPD & QDA | 07/08/2016 1315 | AT A LOCATION KNOWN TO THE NYPD & QDA | DET. MICHAEL CENTRONE & DET. ROBERT SIMS |

DATED:  Kew Gardens, New York
7/8/2016

Respectfully Submitted,

RICHARD A. BROWN
DISTRICT ATTORNEY
QUEENS COUNTY

BY:  _____
     ADA

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS:  PART: APAR

------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK
                                  Arrest No.: Q16633674

-against-

PERKINS,DERRICK
DEFENDANT

------------------------------------------x

**PLEASE TAKE NOTICE** that the District Attorney of Queens County demands, pursuant
to **Section 240.30** of the Criminal Procedure Law, that within 15 days you
disclose to the People and make available for inspection, photographing,
copying, or testing the following property:

(a) Any written report or document, or portion thereof, concerning a physical or
mental examination, or scientific test, experiment, or comparisons, made by or
at the request or direction of, the defendant, if the defendant intends to
introduce such report or document at trial, or if defendant has filed a notice
of intent to proffer psychiatric evidence and such report or document relates
thereto, or if such report or document was made by a person other than
defendant, whom defendant intends to call as a witness at trial; and

(b) any photograph, drawing, or tape, or other electronic recording which the
defendant intends to introduce at trial.

**PLEASE TAKE FURTHER NOTICE** that the District Attorney of Queens County demands
that in the event the property referred to herein is not in your possession at
the time of service of this notice and subsequently comes into your possession
that within 15 days from time of said possession, you disclose and make
available to the People for inspection, photographing, copying or testing any
and all of said property.

**PLEASE TAKE FURTHER NOTICE** that the District Attorney of Queens County demands
that within 15 days of the date hereof you specify the particular paragraph or
paragraphs of **subdivision 1 of Section 250.10** subdivision 1 of Section 250.10 of
the Criminal Procedure Law upon which you intend to rely.

DATED:  Kew Gardens, New York           Respectfully Submitted,
7/8/2016

                                 RICHARD A. BROWN
                                 DISTRICT ATTORNEY
                                 QUEENS COUNTY

                   BY:
                                 ADA

The NYPD Patrol Guide states, "Department Policy requies that a vehicle pursuit be terminated whenever the risks to uniformed members of the service and the public outweigh the danger to the community if suspect is not immediately apprehended." Among the factors to be considered is the nature of the offence.

*Read more in* **the Gothamist** .

*Picture source: Instagram*

https://www.newyorkpersonalinjuryattorneysblog.com/2016/07/unjustified-police-chase-r...    11/22/2016

EXHIBIT "C"

EXHIBIT "D"

login

View regular site.

keyword search | search

## NYPD: Cop tried to stop fatal chase

QUEENS SOUTH SAYS 113TH PCT. CO HEARD PURSUIT IN WHICH CAMBRIA WOMAN DIED

by Michael Gannon, Editor | Posted: Thursday, September 1, 2016 10:30 am



An NYPD commander was in the process of calling off a high-speed chase that ended in a fatal car crash on a July afternoon.

Speaking Thursday night at a Vision Zero town hall meeting in St. Albans, NYPD Deputy Chief Kristel Johnson, executive officer of Patrol Borough Queens South, said Deputy Inspector Frederick Grover, commanding officer of the 113th Precinct, heard the July 7 chase along 225th Street — in the 105th Precinct — over his radio.

"Any supervisor who hears a high-speed chase has the authority to call it off," Johnson told the crowd at the Robert Ross Johnson Family Life Center, saying that Grover was in the process of giving the order to break off the chase.

Roxina Clayton, 78, of Cambria Heights, was killed as she was driving along 116th Avenue and crossed through the intersection of 225th Street.

Derrick Perkins, 50, of the Rockaways, is accused in her death.

He allegedly was fleeing from police who suspected him of taking a cell phone

*EXHIBIT "E"*

QUEENS VILLAGE, HOLLIS & ST. ALBANS (//WWW.DNAINFO.COM/NEW-YORK/QUEENS/QUEENS-
VILLAGE-HOLLIS-ST-ALBANS)

Crime & Mayhem (//www.dnainfo.com/new-york/topics/crime-mayhem)

## 1 Killed, Others Injured by Ex-Con Fleeing NYPD in Queens, Officials Say

By Katie Honan (//www.dnainfo.com/about-us/our-team/editorial-team/katie-honan),
Ben Fractenberg (//www.dnainfo.com/new-york/about-us/our-team/editorial-team/ben-
fractenberg) and William Mathis (//www.dnainfo.com/new-york/about-us/our-team//william-
mathis) | July 7, 2016 2:30pm | *Updated on July 8, 2016 8:30am*





A woman was killed and five other people injured after an SUV collided with a parked car on Linden Boulevard in Cambria Heights Tuesday afternoon, accord

▲ View Full Caption

DNAinfo/Katie Honan

QUEENS — A 78-year-old woman was killed and several other people were injured after an SUV driven by a man on lifetime parole for murder was fleeing police, lost control of his vehicle and slammed into another car in Cambria Heights on Thursday afternoon, according to authorities and witnesses.

Derrick Perkins, 51, was being pursued by an unmarked NYPD (https://www.dnainfo.com/new-york/tags/nypd) vehicle at about 1 p.m. after he stole a cellphone from an employee at a Queens tire shop and then pretended to have a gun, police officials at the scene said.

Officers first tried to pull over his BMW X5 at 116th Avenue and 225th Street, but Perkins rammed the police vehicle and took off down 225th Street, according to officials.

He then ran a red light at 225th Street and Linden Boulevard, and crashed into a car driven by Roxina Clayton, 78, according to officials and an eyewitness, Arielle Dupiton, 21.

Perkins' car flipped over and he then tried to fight off NYPD officers as they pulled him from the vehicle, according to Dupiton, who works at a doctor's office at the intersection.

"It was frightening. A lot of people were yelling, 'Don't shoot him, don't shoot him!'" she said. "We were all concerned why he was fighting back."

Responders performed CPR on Clayton next to her green Saturn sedan, the worker added.

Clayton, a resident of Laurelton, was pronounced dead at the scene, police said.

Beauty salon owner Yvonne Gardiner said she saw the woman laying on the ground motionless after the crash.

"She was on the ground not responding. I saw a lot of police after trying to help," Gardiner said.

One man, 29, was in the intersection during the crash and suffered a leg injury and treated at North Shore University Hospital (https://www.northwell.edu/find-care/locations/north-shore-university-hospital), police said.

Several officers were also injured during the arrest and were taken to an area hospital with non-life-threatening injuries. An NYPD spokesman Friday morning didn't know how many were hurt.

Angel Rivera, 18, was walking home when she saw police chasing the SUV.

Multiple witnesses said they saw the unmarked NYPD car hit Perkins' SUV before the collision, but police could not confirm, citing an investigation.

"I saw the cops hit the car. They were speeding. They shouldn't chase on a street like this," Rivera said. "There were kids around."

Witness Tyrone Daniel said he heard a "huge impact" and then ran outside.

Daniel said he saw police pull Perkins out of the vehicle and said he was resisting while about a dozen officers had their weapons drawn.

"Even after he was handcuffed he was still trying to run," Daniel said. "I was surprised he wasn't killed."

Perkins was arrested at the scene "after a brief struggle" and charges were still pending Friday morning, police said.

Perkins has 10 prior arrests for murder, robbery, assault and grand larceny, police said, but did not immediately provide further information on those arrests.

He was released less than one month ago after a parole violation.

Have something to say about this story? Voice your opinion on Neighborhood Square.

  

JOIN THE CONVERSATION →

(https://neighborhoodsquare.com/n/item/4mZ0?node_id=733628&_=1475605819581&prompt=bottom&node_id=733628)







